**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| EFL PARTNERS X, | : | |
| Debtor. | : | Bankruptcy No. 13-11495-MDC |

# MEMORANDUM

**By:  MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Before the Court for consideration is Liberty RE Assets Holdings, LLC ("Liberty Holdings") and

Liberty Philadelphia REO, LP's ("Liberty," collectively with Liberty Holdings, the "Movants") motion

requesting that the Court dismiss the Chapter 11 case of the Debtor, EFL Partners X (the "Debtor")

pursuant to 11 U.S.C. §1112(b) for cause, including that the petition was filed in bad faith.  The Debtor

opposes dismissal arguing that its petition was not filed as a litigation tactic and that a Chapter 11

liquidation will enable it to maximize the value of its assets for the benefit of its creditors.

Following a review of the evidence from the hearing on the issues and a review of the parties'

post-trial submissions, the Court will grant the motion and enter an order and dismissing the Debtor's

bankruptcy case.

**PROCEDURAL HISTORY**

On February 21, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under

Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") (the "Chapter 11

Case").  Shortly thereafter, the Movants filed the Motion for (i) Relief from Automatic Stay Pursuant to

11 U.S.C. §362, or, alternatively, for (ii) Dismissal of Chapter 11 Proceedings Pursuant to 11 U.S.C.

§1112 (the "Motion").  The Movants sought dismissal of the Chapter 11 Case on the grounds that (1) the

Debtor filed its Chapter 11 petition in bad faith and solely for the improper purpose of shielding itself

with the automatic stay from pending state court litigation, rather than to maximize value for creditors of

the Debtor's estate, (2) the Debtor will not be able to satisfy the plan confirmation requirements of section

of 1129 of the Bankruptcy Code, and (3) the Chapter 11 case constitutes a two-party dispute between

Movants and Debtor that is entirely resolvable in the non-bankruptcy civil action pending between the

parties.  The Debtor filed a response to the Motion opposing the relief sought on the grounds that the

filing was intended to facilitate an orderly liquidation of the Debtor's assets and was therefore filed in

good faith.

On May 7, 2013, the Court held a hearing on the Motion.  At that time, Movants presented

evidence in support of their request for dismissal ("Dismissal Request), and reserved for a later hearing

the issue regarding Movants' request for relief from the stay ("Relief from Stay Request").  John J.

Kontra, Jr. testified on behalf of the Debtor in opposition to the Dismissal Request.  At the close of the

Hearing, this Court requested the parties submit on or before May 21, 2013 briefs addressing the

Dismissal Request and re-scheduled to June 25, 2013 the hearing on the Relief from Stay Request.

The Court is now in receipt the parties' post-hearing briefs and pursuant to Fed. R. Bankr. P.

7052 issues the following findings and determinations:

A.      **FINDINGS OF FACTS**

1.      The Debtor is a Pennsylvania limited partnership.

2.      The Debtor is the owner of nine condominiums in Portico Place, Ltd, Condominium

located at 908-910 Spruce Street, Philadelphia, Pennsylvania (the "Spruce Street Property").

3.      The Debtor's general partner is EFL Holdings, Inc. and John J. Kontra, Jr. and Lise A.

Miller are its limited partners.

4.      John J. Kontra, Jr. is the president of EFL Holdings, Inc.

5.      EFL Holdings, Inc. and John J. Kontra, Jr. and Lise A. Miller are the general partner and

limited partners respectively of EFL Partners V ("EFL V").

6.      EFL V was the owner of real property located at 18-22 S. Letitia Street, Philadelphia,

Pennsylvania and 31-33 S. Second Street, Philadelphia, Pennsylvania (collectively, the "EFL V

Property").

7.     The Debtor and EFL V executed a Promissory Note dated November 18, 2005, that evidenced a loan from Republic First Bank to Debtor and EFL V in the original principal amount of $7,406,500 (the "Loan").

8.     The Loan was subsequently amended by an Allonge dated June 30, 2008, that increased the principal amount of the Loan to $7,856,520.

9.     The Loan was subsequently amended by an Allonge dated November 3, 2008, that increased the principal amount of the Loan to $9,527,120.

10.     Republic First Bank holds a first priority mortgage on Condominium Units Numbers 1 and 3 located at the Spruce Street Property pursuant to an Open-End Mortgage and Security Agreement dated June 30, 2008, and recorded at Document Number 51935303, and a Mortgage Modification Agreement dated November 3, 2008, and recorded at Document Number 51988745, both with the Commissioner of Records, City of Philadelphia, Pennsylvania.

11.     Republic First Bank holds a first priority mortgage on Condominium Units Numbers 5, 6, 7, 9, and 12 located at the Spruce Street Property pursuant to an Open-End Mortgage, Security Agreement and Fixture Filing dated November 28, 2005, and recorded at Document Number 51324517, and Mortgage Modification Agreement dated November 3, 2008, and recorded at Document Number 51988744, both with the Commissioner of Records, City of Philadelphia, Pennsylvania.

12.     TD Bank, N.A. holds a first priority mortgage on Condominium Units Numbers 8 and 11 located at the Spruce Street Property pursuant to a Mortgage dated January 30, 2003, and recorded at Document Number 50608398 with the Commissioner of Records, City of Philadelphia, Pennsylvania.

13.     Republic First Bank holds a second priority mortgage on Condominium Units Numbers 8 and 11 located at the Spruce Street Property pursuant to an Open-End Mortgage and Security Agreement dated November 3, 2008, recorded at Document Number 51988755 with the Commissioner of Records, City of Philadelphia, Pennsylvania.

14.     In addition to granting liens on the Debtor's interest in the Condominium Units located at the Spruce Street Property, the Debtor executed an Assignment of Rents dated November 18, 2005,

3

whereby the Debtor granted to Republic First Bank an absolute assignment of rents, leases and profits

from Condominium Units Numbers 5, 6, 7, 9, and 12 located at the Spruce Street Property.

15.    The Debtor also executed an Assignment of Rents dated July 10, 2003, whereby the

Debtor granted to Republic First Bank an absolute assignment of rents, leases and profits from

Condominium Units Numbers 1 and 3 located at the Spruce Street Property.

16.    The Debtor also executed an Assignment of Rents dated January 30, 2003, whereby the

Debtor granted to TD Bank an absolute assignment of rents, leases and profits from Condominium Units

Numbers 2, 8, and 11 located at the Spruce Street Property.

17.    Similarly, EFL V executed mortgages granting to Republic First Bank a first-priority lien

on the EFL V Property to secure its obligations under the Loan.

18.    On January 5, 2010, the Court of Common Pleas, Philadelphia County entered judgment

by confession against the Debtor and EFL V in the amount of $11,214,861.05 plus *per diem* interest of

$2,444.31 and attorneys' fees and costs (the "Judgment") in a civil action captioned *Republic First Bank*

*v. EFL Partners V, et al.*, January Term 2010, Case No. 100100314 (the "State Court Action").  The

Judgment evidenced the amounts then due to Republic First Bank under the Loan.

19.    To execute upon the Judgment, Republic First Bank scheduled a sheriff's sale of the EFL

V Property for June 8, 2010 (the "EFL V Sheriff Sale").

20.    On May 3, 2010, EFL V filed a petition for Chapter 11 relief initiated a proceeding

captioned "In re EFL Partners V," Bky. No. 10-13655 (the "EFL V Bankruptcy").

21.    On July 16, 2010, Republic First Bank obtained in the EFL V Bankruptcy relief from the

automatic stay to proceed with the EFL V Sheriff Sale.

22.    On September 21, 2010, the EFL V Bankruptcy was dismissed.

23.    Pursuant to the order dismissing the EFL V Bankruptcy, EFL V was enjoined from

initiating any future bankruptcy filings on or before December 31, 2010.

24.    On October 5, 2010, Republic First Bank executed upon the EFL V Property.

4

25.     On April 4, 2011, Republic First Bank filed a petition in the State Court Action to determine the market value of the EFL V Property and the amount of deficiency that remained owing pursuant to the Judgment.

26.     On December 19, 2011, Republic First Bank assigned to Liberty its interests in the Judgment and assigned to Liberty Holdings its interests, *inter alia*, in the Spruce Street Property.

27.     On February 19, 2013, the Philadelphia Court of Common Pleas entered an Order against the Debtor, EFL Partners V, EFL Partners X, EFL Partners I, EFL Partners IX, John J. Kontra and Lise A. Miller determining the fair market value of the EFL V Property to be $8,400,000.00 and granting to Liberty a deficiency judgment against the Debtor, among others, in the amount of $4,004,226.47 (the "Deficiency Judgment").

28.     Two days later on February 21, 2013, the Debtor initiated the instant bankruptcy proceeding.

29.     The Debtor's only asset is the Spruce Street Property and the Rents generated by the Spruce Street Property are the Debtor's only source of income.

30.     According to the Debtor's schedules the value of Spruce Street Property is $3,200,000.00.

31.     According to the Debtor's schedules, the Debtor's total indebtedness is $4,570,983.16 of which $4,005,226.47 is owed to the Movants.

32.     According to the Debtor's schedules, the Debtor's total indebtedness to secured creditors is $4,351,600.00 of which $4,005,226.47 is owed to the Movants.

33.     According to the Debtor's schedules, the Debtor's total indebtedness to unsecured creditors is $219,383.16 and is owed to four creditors:

| | |
|---|---|
| EFL Holdings, Inc. (Loan to Partnership): | $61,404.00 |
| Marc Zaid, Esquire (Attorney's fees): | $33,182.41 |
| Stein and Silverman (Attorney's fees) | $100,675.00 |
| PECO (electric service for common areas) | $716.91 |

PECO (electric service)                                                    $23,404.84

34.     According to the Debtor's Statement of Financial Affairs, the Debtor's income for 2012

was $169,345.00 and is projected to be less than $100,000 for 2013.

35.     The meeting of creditors required by Section 341 of the Bankruptcy Code (the "341

Meeting") was held on April 9, 2013.  At the 341 Meeting, Mr. Kontra testified that he caused the Debtor

to file for Chapter 11 relief for the purpose of preventing the Movants' execution upon the Deficiency

Judgment.

### B.     CONCLUSIONS OF LAW

36.     It is well-settled that a debtor's lack of good faith in filing a Chapter 11 petition

establishes "cause" for dismissal.  *Sante Fe Mineral, Inc. v. Bepco, L.P. (In re 15375 Mem'l. Corp.)*, 589

F.3d 605, 618 (3d Cir. 2009) (citing *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re*

*Integrated Telecom Express, Inc.)*, 384 F.3d 108, 119-20 (3d Cir. 2004)).  Whether the debtor has

satisfied the "good faith" requirement in commencing its case is a "fact intensive inquiry" in which the

court will examine the totality of the circumstances to determine where "a petition falls along the

spectrum ranging from clearly acceptable to the patently abusive." *15375 Memorial*, 589 F.3d at 618

(citing *Off. Comm. of Unsec. Creds. v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154, 162 (3d

Cir. 1999)).

37.     The inquiry that is most relevant to this determination is whether the Chapter 11 filing

serves a valid bankruptcy purpose, or, rather, whether it was filed as a litigation tactic. *15375 Memorial*,

589 F.3d at 618 (citing *SGL Carbon*, 200 F.3d at 165).  Said another way, "[t]he test is whether a debtor

is attempting to unreasonably deter or harass creditors or attempting to effect a speedy, efficient

reorganization on a feasible basis." *Integrated Telecom*, 384 F.3d at 119.

38.     In connection with such inquiry, the courts have considered multiple factors including the

following: (i) whether the debtor has few or no unsecured creditors; (ii) whether there have been previous

bankruptcy filings by the debtor or related entities; (iii) whether the pre-petition conduct by the debtor has

been improper; (iv) whether the filing permits the debtor to evade or delay court orders; (v) whether there

are few debts to non-moving creditors; (vi) whether the petition was filed on the eve of foreclosure; (vii)

whether the foreclosure property is the major asset of the debtor; (viii) whether the debtor has an ongoing

business or employees; (ix) whether there is no possibility of reorganization; (x) whether the debtor's

income is insufficient to operate; (xi) whether there was no pressure from non-moving creditors; (xii)

whether the reorganization essentially involves resolution of a two-party dispute; (xiii) whether the

corporate debtor was formed and received title to its assets immediately before the petition; and (xiv)

whether the debtor filed solely to obtain the protection of the automatic stay. *In re Stingfree Technologies

Co.*, 427 B.R. 337, 352 (E.D. Pa. 2010) (quoting *In re SB Properties, Inc.*, 185 B.R. 198, 205 (E.D. Pa.

1995)).

39.    Examining the facts of this case, this Court has determined that factors (i), (ii), (iv), (v),

(ix), (xi), (xii), and (xiv) weigh in favor of a finding that the petition was not filed for a valid

reorganization purpose.

40.    The Debtor has only four unsecured creditors. One creditor, EFL Holdings, is an insider

of the Debtor. Two creditors are attorneys owed fees and costs for legal services rendered on behalf of

the Debtor and its insiders in connection with the state court litigation. The remaining creditor,

Philadelphia Electric Company ("PECO"), is the only creditor who is unrelated to the Debtor or its

insiders and holds two claims, one in the amount of $716.91 which is disputed. *See, e.g.*, *In re

JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 299 (Bankr. D. Del. 2011) (recognizing that debtor's

pool of unsecured creditors being limited to professionals hired by the debtor prior to filing for

bankruptcy relief weighed in favor of finding of bad faith).

41.    A related entity of the Debtor, EFL V, Bankruptcy previously filed for bankruptcy relief

on May 3, 2010.

42.    The Debtor filed its bankruptcy petition to prevent the value of the Spruce Street Property

from being distributed to the Movants pursuant to the State Court Action.

43.    The vast majority of the Debtor's obligations are owed to the Movant.

7

44.    The Debtor's income is insufficient to provide for the payment in full of Liberty's claim pursuant to a plan of reorganization.  Because of the size of Liberty's claim relative to the size of the Debtor's other creditors' claims, the Debtor will not be able to obtain confirmation of any proposed plan of reorganization or liquidation without the consent of the Movants.  11 U.S.C. §1129(a)(7(ii); *see also In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991) (recognizing that a bankruptcy court may dismiss a Chapter 11 bankruptcy case when it is apparent that a debtor cannot propose a feasible plan of reorganization); *In re 3 RAM, Inc.*, 343 B.R. 113, 117-18 (Bankr. E.D. Pa. 2006) (recognizing "dismissal of a Chapter 11 bankruptcy case is appropriate where the court finds that the proposed plan is not feasible and that a feasible plan is not possible.").

45.    The Debtor has presented no evidence indicating collection efforts undertaken by non-moving creditors.

46.    The Debtor invoked this Court's jurisdiction to seek an alternative venue to resolve what is a two-party dispute regarding the valuation of the EFL V Property which is further evidence that the Debtor did not invoke this Court's jurisdiction in good faith.  *Primestone Inv. Partners L.P. v. Vornado PS, L.L.C. (In re Primestone Inve. Partners L.P.)*, 272 B.R. 554, 558 (D. Del. 2002); *In re Stingfree Technologies Co.*, 427 B.R. 337, 353-54 (E.D. Pa. 2010); *In re South Canaan Cellular Investments, Inc.*, Bky. No. 09-10473, 2009 WL 2922959, *7 (Bankr. E.D. Pa. May 19, 2009).

47.    The Debtor filed its bankruptcy petition to avail itself of the benefits of the automatic stay and to frustrate the prosecution of the State Court Action and the collection of the Deficiency Judgment. *In re Madera*, Bky. No. 07-17296, 2008 WL 351446, *6 (Bankr. E.D. Pa. Feb. 7, 2008) (filing of bankruptcy petition to frustrate foreclosure sale is evidence of bad faith); *In re Dami*, 172 B.R. 6, 11 (Bankr. E.D. Pa. 1994) ("Where the purpose of the bankruptcy filing is to defeat state court foreclosure without a reorganization purpose, bad faith exists."); *In re Clinton Centrifuge, Inc.,* 72 B.R. 900, 905 (Bankr. E.D. Pa. 1987) (recognizing intent to "prevent foreclosure or hinder creditors" is evidence of bad faith).

48.    This Court affords no weight to the Debtor's justification of its filing.  The Debtor alleges

that a Chapter 11 liquidation will result in a greater distribution to its creditors because the valuation of

the EFL V Property determined in the State Court Action is based on an improper methodology and

therefore understates the value of the EFL V Property and in turn overstates the amount of any deficiency.

Accordingly, the Debtor alleges that the amount of the Deficiency Judgment would be reduced if the EFL

V Property is assigned a correct valuation.  If the Debtor believes that the valuation of the EFL V

Property understates its value, and a stay of Liberty's execution on the Deficiency Judgment is warranted,

then the remedy lies in an appeal to the appropriate state court appellate court and obtaining a stay

pending appeal.  The Debtor may not invoke this Court's jurisdiction to obtain such a stay.  *In re*

*Integrated Telecom Express, Inc.*, 384 F.3d 108, 128 (3d Cir. 2004) ("if there is a 'classic' bad faith

petition, it may be one in which the petitioner's only goal is to use the automatic stay provision to avoid

posting an appeal bond in another court."); *In re Marsch*, 36 F.3d 825 (9th Cir. 1994) ("courts have

expressed concern that the petition is merely a 'litigating tactic' designed to 'act as a substitute for a

supersedeas bond' required under state law to stay the judgment.").

**C.    CONCLUSION**

As stated above, this Court finds that the Debtor did not file its bankruptcy petition in good faith.

On this basis, the Movants' request to dismiss Debtor's bankruptcy case will be granted.

Dated:  August 22, 2013

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Gregory R. Noonan, Esquire
Walfish & Noonan, LLC
530 Swede Street
Norristown, PA  19401

Kevin P. Callaghan, Esquire
United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Courtroom Deputy
Eileen Godfrey